UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06-CV-449-H

MICHAEL S. SWAN                                                                      PLAINTIFF

v.

U.S. DEPARTMENT OF DEFENSE *et al.*                                    DEFENDANTS

MEMORANDUM OPINION

I.

On September 6, 2006, Plaintiff filed a document entitled "ex parte petition for

qualification [of] Petitioner under 'Disabled Persons Act.'" (DN 1).  The introductory paragraph

of the complaint states, "comes now petitioner, by pro bono/pro *se* advice of J.R.C. . ."

Elsewhere in the complaint "J.R.C." is identified as "John R. Choate."  The complaint, which

was handwritten by Mr. Choate, describes Plaintiff as a fifty-eight year old Vietnam veteran who

was exposed to Agent Orange while serving in the Mekong Delta.  Mr. Choate conveys that

presently Plaintiff exhibits "mood swings," which are accompanied by periods in which Plaintiff

is "non-communicative."  The complaint requests a determination from the Court that Plaintiff's

exposure to Agent Orange and/or bi-polar condition qualify him "under fed. disabled persons

act."  The complaint also contains an "addendum" in which Mr. Choate states that "after reading

petition, Mr. Swan [the Plaintiff] asked his wife Brenda to read it; Mrs. Swan commented: 'it

makes sense, I don't see anything wrong with it, sign it if you want to.'  Thus: Mr. Swan's

ascribing signature was 'knowing/voluntary.'  ALSO: Mrs. Swan (Brenda) commented: 'He's

difficult to talk to at times.'"

At the time he filed the complaint, Plaintiff neither paid the $350.00 filing fee nor

tendered an application to proceed without prepayment of fees.  Accordingly, on September 11,

2006, the Clerk of the Court sent Plaintiff a deficiency notice informing him that he must either

pay the $350.00 filing fee or file a fully completed application to proceed without prepayment of

fees (DN 3).  The notice further warned Plaintiff that "failure to comply within 30 days without

good cause shown, will result in this matter being brought to the attention of the Court."

Sometime thereafter, Plaintiff called the Clerk of Court, Jeffrey A. Apperson, and indicated that

he did not wish to go forward with the action filed in his name by Mr. Choate.

When the Plaintiff failed to comply with the deficiency notice, this Court issued an order

for Plaintiff to come forward and show cause why this action should not be dismissed.  The

Court further indicated that if Plaintiff did not respond to the show cause order, the Court would

presume that Plaintiff had abandoned the action and dismiss it (DN 4).  Mr. Choate filed a

handwritten response to the show cause order purportedly on Plaintiff's behalf (DN 5).  Mr.

Choate writes that Plaintiff was discouraged from proceeding with this action after speaking with

employees of the Veterans Administration, and therefore, did not timely return the IFP

application to the Court.  Mr. Choate goes on to explain that "disclosure of today with Mr. Swan

and wife Brenda, and myself discloses factual predicate to remainder:  Mr. Swan believes

himself to be rightfully deserving of resolution of issues in petition and sincerely wishes to

proceed with filing same, and informs me he will present forms pauperis to Clerk today.  Note:

Since technically matter isn't filed I'm not serving DOD.  Executed on behalf of Mr. Swan, 21

Oct. 2006, s/ John R. Choate."  Plaintiff also signed the response stating: "I have read, and

approve above response on my behalf by Mr. Choate."

**II.**

Mr. Choate does not indicate that he is an attorney, and it appears quite certain that he is not an attorney. "[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998); *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991).

Title 28, United States Code, Section 1654 provides that "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage." Section 1654 "has been interpreted to allow for two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself. The statute does not allow for unlicensed laymen to represent anyone else other than themselves.'" *Eagle Associates*, 926 F.2d at 1308 (quoting *Turner v. American Bar Ass'n*, 407 F. Supp. 451, 477 (N.D. Tex. 1975), *aff'd sub nom. Pilla v. American Bar Ass'n*, 542 F.2d 56, 59 (8th Cir. 1976)).

"That a non-lawyer may not represent another person in court is a venerable common law rule based on the strong state interest in regulating the practice of law." *Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 756 (6th Cir. 2005). This Court will not condone the unauthorized practice of law under any circumstances. Because Mr. Choate does not indicate that he is a licensed member of any bar, but rather appears to be a non-attorney layperson, he is not permitted to represent Plaintiff or to file documents with this Court on Plaintiff's behalf.

While Plaintiff also signed the complaint, the Court does not believe that it was prepared at Plaintiff's direction. Rather, based on the statements contained therein, it appears that Mr. Choate was the driving force behind drafting and filing the complaint with the Court. For

3

example, apparently Mr. Choate presented the complaint to Plaintiff who then asked his wife

Brenda to read it and opine as to whether he should sign it.  Mr. Choate then indicates that the

fact that Mrs. Swan told Plaintiff he could "sign it if he wanted to" because it "made sense" to

her shows that Plaintiff's signature was "knowing/voluntary."   This language actually suggests

to the Court that it was Mr. Choate that sought out Plaintiff and convinced him to sign the

complaint, and that absent Mr. Choate's attempts to counsel Plaintiff in the law and provide him

with "pro bono/pro se" representation, Plaintiff would not have filed the instant lawsuit.  This

interpretation is strengthened by the fact that Plaintiff called the Clerk and indicated that he

wanted to dismiss this suit.  Based on the manner in which the complaint is drafted, Mr. Choate's

subsequent filings with the Court,[1] and Plaintiff's telephone call to the Clerk, the Court is

convinced that the instant lawsuit was filed entirely at the direction of Mr. Choate and that

Plaintiff desired to voluntarily dismiss it.

Because Mr. Choate is not a lawyer, he cannot bring or maintain this action on Plaintiff's

behalf.  Therefore, this action will be dismissed without prejudice by separate order.  Should

Plaintiff desire to file an action in this Court, he may do so either on his own behalf or through

an attorney authorized to practice in this Court.  Should Plaintiff choose to proceed *pro se* and,

for whatever reason is not able to draft documents himself, he may dictate the contents to a third

party.  The documents, however, must be completed at Plaintiff's direction.  It is impermissible,

as occurred in this case, for another lay person to attempt to counsel Plaintiff in the law, to

---

[1]Mr. Choate attached a letter to Plaintiff's complaint that Mr. Choate sent to Senators Leahy and McConnell in which he states he has become aware that other *pro se* plaintiffs have criticized the judges in the Western District of Kentucky for failing to afford them "minimal due process" and that Mr. Choate believes that the instant action will be a "test" of the truth of these accusations.

4

prepare documents for Plaintiff's signature without his prior direction, to present them to

Plaintiff for his signature after-the-fact, and to write letters and file other documents purporting

to be acting as Plaintiff's representative with the Court.

       The Court will enter an order consistent with this memorandum opinion.

Date:

cc:      Plaintiff, *pro se*
          John R. Choate, P.O. Box 3119, Louisville, KY 40201
4412.008